EL PUEBLO, DEMANDANTE Y APELADO, *v.* ORTIZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por delito contra el derecho electoral.

No. 773.—Resuelto en marzo 25, 1915.

INHIBICIÓN DE LOS JUECES—SENTENCIA ABSOLUTORIA—ORDEN PARA QUE SE PRESENTE NUEVA ACUSACIÓN.—No es motivo para inhibirse un juez el hecho de que la acusación se haya formulado por virtud de orden de dicho juez al dictar sentencia absolviendo a un acusado por no ser culpable del delito imputádole sino de otro, ni de que los testigos que declararan en el primer juicio figuren como tales en la nueva acusación.

TRASLADO DE CAUSAS—PREJUICIO—CONVENIENCIA DE LOS TESTIGOS.—Cuando exista prejuicio o la conveniencia de los testigos así lo requiera, debe promoverse la cuestión mediante una moción de traslado, de conformidad con los artículos 171 a 173 del Código de Enjuiciamiento Criminal.

ACUSACIÓN—NUEVA ACUSACIÓN—ORDEN DE LA CORTE.—Cuando en el juicio se presenta prueba de la cual aparece que el acusado no es culpable del delito que se le imputa sino de otro, la corte puede ordenar que se presente nueva acusación.

Former Jeopardy—Exposición Anterior por el Mismo Delito—Inscripción de Menores de Edad—Inscripción con Nombre Distinto.—En este caso el acusado fué absuelto por haberse inscrito sin tener la edad, y el juez ordenó que se presentara nueva acusación por haberse inscrito con un nombre que no era el suyo, y, alegándose por el acusado *former jeopardy, se resolvió:* que ambos cargos son enteramente distintos.

Delito contra el Derecho Electoral—Pruebas.—Examinada la prueba en este caso se resolvió que es suficiente para sostener la sentencia condenatoria.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

Abogado del acusado: *Sr. Angel A. Vázquez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este caso el acusado fué declarado culpable de una infracción de cierto artículo del Código Penal por haberse inscrito con el nombre de Tomás Ortiz Lebrón sin tener derecho a tal inscripción siendo Tomás Ortiz Lebrón el nombre de un hermano que había fallecido y no él del acusado. Tres son los señalamientos de error que presenta esta apelación.

El primer error consiste en haberse negado a inhibirse del conocimiento de la causa el Juez de la Corte de Distrito de Mayagüez. La cuestión fué promovida ante la corte inferior por medio de una moción a la cual se llamó "Moción de *jeopardy*," en la que el acusado alegó como primer fundamento que en este caso se había presentado la acusación por orden del juez de distrito en momentos en que dicho juez dictaba sentencia absolviendo a dicho acusado por haberse inscrito siendo menor; y como segundo motivo, alegó que los mismos testigos que tomaron parte en la primera causa figuraban como testigos de cargo en la nueva acusación y por tanto que la corte conocía las declaraciones que habían de prestar dichos testigos, puesto que las mismas sirvieron de base para ordenar al fiscal que presentara otra acusación.

Convenimos con el Fiscal en que ninguno de los motivos de incapacidad consignados en el artículo 23 del Código de Enjuiciamiento Civil existieron en este caso y que de existir algo así como prejuicio o la conveniencia de los testigos,

debió haberse promovido la cuestión mediante una moción de traslado. Dicha moción debe jurarse, notificarse a la parte contraria y presentarse antes de la celebración del juicio, todo de conformidad con los artículos 171 al 173 del Código de Enjuiciamiento Criminal según han sido enmendados por la ley de Marzo 10, 1904. No se cumplió con estos requisitos formales.

Además, no se demostró que hubiera habido ningún prejuicio. El mero hecho de que un juez tenga conocimiento de las manifestaciones hechas por los testigos de la acusación en otro caso no prueba prejuicio alguno. Ni tampoco el que dicho juez hubiera ordenado al fiscal que formulara la referida acusación. No hubo la más leve tentativa para acreditar por medio de *affidavit* o en álguna forma que pudiera existir cualquier predisposición por parte del juez o de que éste no podía considerar debidamente la causa entre El Pueblo y el acusado, basada en la prueba que había de presentarse.

Cuando en el juicio se presenta prueba de la cual aparece que el acusado no es culpable del delito que se le imputa sino de otro, lo normal es que el juez ordene que sea presentada una nueva acusación. Artículo 256 del Código de Enjuiciamiento Criminal.

El segundo señalamiento de error se refiere a que la corte no estimó debidamente la defensa relativa a haber estado expuesto el acusado anteriormente por el mismo delito (*jeopardy*). El acusado no formuló ninguna alegación especial de haber sido absuelto antes, como debió hacerlo. Pero es muy cierto que el cargo formulado en la acusación de ser menor de edad el acusado es enteramente distinto del de haber fingido ser otra persona.

El tercer fundamento de error hace referencia a la insuficiencia de la prueba. Alega el apelante que no existe cuestión alguna de que la prueba sea contradictoria. Hubo prueba de testigos tendente a mostrar que el acusado no era Tomás Ortiz Lebrón y que Tomás Ortiz Lebrón había muerto desde

hacía varios años; que Tomás Ortiz Lebrón y el acusado eran hermanos, y que el acusado era conocido y llamado por Juan Ortiz Lebrón. · Fué introducida prueba testifical con la que se identificaba al acusado como la persona que se inscribió con el nombre de Tomás Ortiz Lebrón. También se presentó cierta prueba tendente a mostrar que algunas personas conocían al acusado por el nombre de Juan Tomás pero esta prueba no destruyó la que ya había sido presentada relativa a haberse hecho pasar el acusado por su hermano fallecido.

El acusado se opuso a que fuera presentada una certificación expedida por el Superintendente de Elecciones la cual tendía a acreditar que Tomás Ortiz Lebrón era el nombre que constaba en el registro. Aunque nos inclinamos a creer que podría ser el superintendente la persona que debe expedir dicha certificación no podía, sin embargo, prevalecer la objeción, pues su único fundamento era el de que la certificación para nada se relacionaba con el caso y no el de que no · fuera el superintendente el funcionario que debía expedirla. Además, habiéndose probado por otras circunstancias el hecho de la inscripción ilegal, en vista de los hechos de este caso el error alegado no fué perjudicial.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.